**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 13 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ERLINDA CHAHUAYO-ZEVALLOS; TREISY CERRON-CHAHUAYO,<br><br>Petitioners,<br><br>v.<br><br>PAMELA BONDI, Attorney General,<br><br>Respondent. | No. 24-88<br><br>Agency Nos.<br>A241-772-787<br>A241-772-788<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 11, 2025[**]
San Francisco, California

Before: OWENS, VANDYKE, and JOHNSTONE, Circuit Judges.

Erlinda Chahuayo-Zevallos and her minor daughter, age 15, (collectively,

"Petitioners") petition for review of an order from the Board of Immigration

Appeals ("BIA") dismissing their appeal of an order from an Immigration Judge

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

("IJ"), which denied their application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252(a)(1) and deny the petition.

We review the BIA's legal determinations de novo and its factual findings for substantial evidence. *See Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023), *as amended*. "[O]ur review 'is limited to the BIA's decision, except to the extent that the IJ's opinion is expressly adopted.'" *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010) (quoting *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006)). "In reviewing the BIA's decisions, we consider only the grounds relied upon by that agency." *Garcia v. Wilkinson*, 988 F.3d 1136, 1142 (9th Cir. 2021).

1. To establish eligibility for asylum and withholding of removal on the basis of past persecution committed by nongovernmental actors, an applicant must show that the government was or would be unwilling or unable to control the private actor she fears. *See J.R. v. Barr*, 975 F.3d 778, 782 (9th Cir. 2020). Substantial evidence supports the BIA's determination that Petitioners failed to establish the government was unwilling or unable to protect them. After Zevallos filed a police report, the police issued a protective order against Zevallos's former partner. After the protective order was issued, Petitioners faced no physical harm. Zevallos also failed to report to the authorities the discrimination she faced based on her race and disability status. The BIA found that Petitioners failed to

demonstrate that reporting the discrimination would have been futile or would have resulted in further harm. *See Ornelas-Chavez v. Gonzales*, 458 F.3d 1052, 1058 (9th Cir. 2006). The evidence does not compel a contrary finding.

2. To establish eligibility for CAT relief, an applicant must demonstrate that the torture she fears will be carried out with the consent or acquiescence of a public official or another person acting in an official capacity. 8 C.F.R. § 1208.18(a)(1); *see also Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020). Substantial evidence supports the BIA's determination that Petitioners failed to establish that the torture they fear will be carried out with the consent or acquiescence of a public official. The IJ considered the record in its entirety, including Petitioners' evidence of country conditions, and the police previously issued a restraining order against Zevallos's former partner, indicating that the Peruvian government would not acquiesce to any future torture.

**PETITION DENIED.**[1]

---

[1] The stay of removal will remain in place until the mandate issues. The motion for stay of removal is otherwise denied.